UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LESLEY SPANIERMAN, personally as sole heir and administrator of the state of Megan Spanierman,

                       Plaintiff,

                     -against-

4 PARK AVENUE ASSOCIATES, LLC; BROADWALL MANAGEMENT CORP.,

                      Defendants.

20-CV-4372 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings claims stemming from Defendant's leasing of her sister's apartment after her sister's death. By order dated July 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff is the sole heir and administrator of the estate of her sister – Megan Spanierman (Spanierman or decedent). She brings this action invoking the Court's federal question jurisdiction under 28 U.S.C § 1331, asserting claims under 18 U.S.C.§ 1708 for the tampering and theft of U.S. mail. Plaintiff also alleges that Spanierman's lease was illegally terminated after her death. She sues 4 Avenue Associates, LLC, and Broadwall Management Corporation – her sister's landlord and the management company of her sister's building respectively.

The following facts and assertions are taken from the complaint. After being rushed to the emergency room of NYU Hospital on April 20, 2014, Spanierman was transferred several days later to the Riverside Nursing Home, where she passed away on May 22, 2014. Although Plaintiff was listed in "L.L.'s records" as the decedent's sister and next of kin, Defendants failed to notify her of her sister's death, and because Spanierman was estranged from her family, Plaintiff did not learn of her death until ten months later, when she went to her sister's building on or about March 26, 2015. (ECF No. 2, at 7.)

For about 30 years and until her death, Spanierman rented a rent-stabilized apartment from Defendants at 4 Park Avenue. Before her death, Spanierman had signed a new two-year lease that was effective from June 1, 2013, through May 31, 2015; she had about one year and nine days left on the lease at the time of her death. On the day Plaintiff learned of Spanierman's death, her sister's building concierge also informed her that Defendants had leased her sister's apartment to a new tenant on February 1, 2015, about four months before the expiration of the decedent's lease. Plaintiff also discovered that all of her sister's possession were gone and that her sister's mail had been "illegally removed from [d]ecedent's mailbox without [Plaintiff's] knowledge or consent." (*Id.* at 8.)

2

Plaintiff asserts that under state law, the personal possession of a tenant upon the tenant's death becomes the possession of the estate of the deceased tenant. Thus, her sister's estate – to which she is the sole heir – inherited the lease upon her sister's death, and Defendants illegally terminated the lease by signing a new lease with a new tenant for the apartment before the decedent's lease had expired. Further, Defendants caused the theft or loss of the estate's mail and are liable under 18 U.S.C. § 1708, when they gave the new tenant the key to the decedent's mailbox and allowed the decedent's mail to be removed or diverted. Plaintiff seeks monetary damage

## DISCUSSION

**A.     Claims on Behalf of Spanierman's Estate**

Plaintiff, acting without an attorney, brings this action as the sole heir and administrator of Spanierman's estate. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Generally, a person who is not an attorney may not represent anyone other than him or herself in federal court. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Further, "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant," *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997), because "the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings,"

Case 1:20-cv-04372-LLS   Document 4   Filed 08/04/20   Page 4 of 6

*Iannaccone*, 142 F.3d at 559. But where the estate has no other beneficiaries or creditors, then the administrator and sole beneficiary may appear *pro se* on behalf of the estate "[b]ecause the administrator is the only party affected by the disposition of the suit." *See Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019).

Here, Plaintiff asserts that she is the sole heir to Spanierman's estate, indicating that she inherited her sister's entire estate with no other beneficiaries entitled to receive assets from the estate. In addition, she states that she is also the duly appointed administrator of her sister's estate, attaching to the complaint a decree dated December 17, 2015, from the Surrogate's Court of the County of New York granting to her letters of administration of Spanierman's estate. (ECF No. 2 at 12.) Although Plaintiff does not explicitly state that there are no creditors to the estate, based on her assertions and the decree granting her letters of administration, it appears that she can proceed *pro se* with this action as the personal representative of Spanierman's estate.

**B.      Mail Tampering or Theft under 18 U.S.C. § 1708**

Plaintiff purports to bring this action against Defendants under 18 U.S.C. § 1708, a federal criminal statute that makes the theft or receipt of stolen mail punishable by imprisonment, fine, or both. But she cannot rely on a federal criminal statute as a basis for this civil action because such statutes do not provide private causes of action. *See Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("federal criminal statutes do not provide private causes of action"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (same); *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints."); *Snyder v. Allen*, ECF 1:18-CV-8238, 54, 2020 WL 1233815, at *5

4

(S.D.N.Y. Mar. 13, 2020) (private citizen has no private right of action under federal criminal statute). As a private citizen, Plaintiff does not have standing to prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (a private citizen has no right to compel enforcement of criminal laws); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 91 (2d Cir. 2001) (private citizen does not possess standing to prosecute). *United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990) ("There is no explicit authority for private citizens to bring suit under [criminal] statutes.") (collecting cases). Criminal prosecutions are within the sole province of federal prosecutors who are "immune from control or interference by citizen or court." *Conn. Action Now, Inc*, 457 F.2d at 87. As Plaintiff has no right or authority to compel anyone's prosecution or to enforce federal criminal laws, her claims for mail tampering and theft under 18 U.S.C. § 1708 must be dismissed.

**C.      Illegal Termination of Spanierman's Lease**

Plaintiff's remaining claims arising from Defendants' leasing of the apartment to a new tenant after Spanierman's death fall under state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeon*s, 522 U.S. 156, 173 (1997)).

**D.     Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters are terminated.

SO ORDERED.

Dated:   August 4, 2020
         New York, New York

                                                      _____*Louis L. Stanton*_____
                                                              Louis L. Stanton
                                                                  U.S.D.J.